LOUELLA DONALSON,

*vs.*

INVESTORS REALTY CORPORATION, a corporation of the State of Delaware, MARK TEMPLE DOWLING and METROPOLITAN REALTY, INC., a corporation of the State of Delaware.

*New Castle, July 23, 1928.*

*Aaron Finger* and *Percy Warren Green*, for complainant.

*James H. Hughes*, of the firm of Ward & Gray, for defendants.

THE CHANCELLOR. Reference to the opinion filed disposing of a demurrer to the original bill, reported *ante p*. 20, 139 *A.* 766, will serve to disclose the nature of the case and the general facts alleged in support thereof.

The complainant has amended her bill so as to amplify the allegations connected with transaction number one, referred to in the former opinion. All the allegations of the original bill are repeated. But certain further allegations are added. These are that the effect of the purchase by Investors Realty Corporation of the Metropolitan Realty stock was to pay thirty dollars per share for two hundred shares of its common stock, which said stock was worthless, and to pay fifty dollars per share for four hundred shares of its preferred stock, which was greatly in excess of the value thereof if indeed it had any value; that said transaction was in pursuance of a fraudulent scheme, device and plan whereby said Metropolitan Realty, Inc., then controlled by Dowling and his associates, would have the use of the funds of the defendant, Investors Realty Corporation, in pursuance of which scheme, device and plan said Metropolitan Realty, Inc., fraudulently paid Dowling a commission of five thousand dollars for effecting the transaction. If these allegations be true, they support a case for relief. Dowling owned the controlling interest in Investors Realty Corporation at the time the transaction was put through and controlled its board of directors. In arranging the bargain by which his other corporation, the Metropolitan Realty, Inc., sold its worthless or grossly overvalued stock to

the Investors Realty Corporation, he ought to be held to the duties and responsibilities of an agent for the latter. If he took a commission of five thousand dollars from the Metropolitan Realty, Inc., for effecting its transaction with the Investors Realty Corporation, of which he was then the majority owner and in undisputed control, I do not see how the transaction can stand. It amounts to saying that a vendor may pay a commission to a vendee's agent to lead the vendee into an improvident bargain, and then retain the unconscionable fruits of its wrong. It is not necessary, as is contended by the solicitor for Metropolitan Realty, Inc., for the complaint to show that the commission influenced the judgment of the agent. Courts will presume that a commission paid under such circumstances is so insinuating in its effects as to warrant the designation of a bribe. *Machen*, in a note to *Section* 2137 of the second volume of his work on *Agency* (*2d Ed.*) cites *Hovenden v. Millhoff*, 83 *L. T.* 41 *C.A.*, as authority for the statement that courts will not inquire into the motive of the seller and will conclusively presume that the agent was influenced by the bribe. The demurrer, in so far as it objects to the sufficiency of the allegation touching transaction number one, is not well taken.

As to transaction number two, however, the opinion of the court is that no case is sufficiently alleged. The amended bill repeats the allegations of the original bill respecting that transaction (see *ante p.* 20, 139 *A.* 766), and adds this, viz., that the said transaction was also in pursuance of a fraudulent scheme whereby Metropolitan Realty, Inc., was to obtain possession of most of the assets of said Investors Realty Corporation for its own uses and purposes, the said Metropolitan Realty, Inc., through its officers and managers, who not only controlled said last-mentioned corporation, but also Investors Realty Corporation, being in a position to prevent any action being taken for the collection of said note at maturity and the said Metropolitan Realty, Inc., having in fact, through said control, prevented said Investors Realty Corporation from obtaining payment of said note up to the present time. There is no allegation that the note was worthless. It is not to be assumed, therefore, that it was worthless. If the question were whether fraud justifying rescis-

sion is shown by the fact that a corporation, dominated by its majority stockholder, lends money on a note to another corporation, dominated by the same person, with the purpose and scheme on the part of the latter to secure the assets of the former and at the same time protect itself from repayment by using the power of control over the lender to prevent it from enforcing its demand—if such were the question—a case of fraud would be made out. But the bill does not present such a case. It hints at it however. It makes no specific charge that in borrowing the money the Metropolitan Realty, Inc., intended, as a part of its scheme to secure the Investors Realty Corporation's assets, to use the power of common control residing in Dowling to protect itself from payment. All it says is that the common control made such a thing possible. If such is meant by the bill to be charged as the fact, the allegation should be direct and not left to inference. If such was not the fact, then no fraud justifying rescission would exist, for in that event the case would be nothing more than one where the officers of a corporation were refusing to enforce its demands. A refusal or neglect of corporate officers to sue for the collection of a note certainly cannot justify a decree canceling the note and restoring the *status quo*, unless there are facts of some kind showing the maker to be infected at the time with fraudulent participation in a scheme to prevent the payee from making collection.

The demurrer will be sustained, but only in so far as is indicated by the foregoing.